IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHEL CHALHOUB, | : | NO. |
| | : | |
| Plaintiff, | : | |
| | : | JURY TRIAL DEMANDED |
| vs. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA; | : | |
| COLONEL ROBERT EVANCHICK, | : | |
| COMMISSIONER OF THE PENNSYLVANIA | : | |
| STATE POLICE; PENNSYLVANIA STATE | : | |
| POLICE TROOPER LUKASZ OLSZAR; | : | |
| COUNTY OF PIKE; CRAIG A. LOWE, WARDEN | : | |
| PIKE COUNTY CORRECTIONAL FACILITY, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

AND NOW, comes the Plaintiff, Michel Chalhoub, by his attorney, Marshall E. Anders, Esquire, upon this Complaint, the following of which is a true and correct statement of fact, to wit:

### I.

### JURISDICTION AND VENUE

1. This action for money damages is brought pursuant to 42 U.S.C., Sections 1983 and 1988, of the Fourth and Fourteenth Amendments to the United States Constitution and the Common Law of the Commonwealth of Pennsylvania against the Defendants hereinafter named. Jurisdiction is based upon 28 U.S.C., Sections 1331 and 1343 and on the pendant jurisdiction of this Court to entertain claims in conjunction therewith arising under state law.

2. Venue is proper before this Honorable Court, since all of the actions complained of occurred in the Dingman Township, Pike County, Pennsylvania, which falls within the confines of the United States District Court for the Middle District of Pennsylvania.

## II.

## THE PARTIES

3. That the Plaintiff Michel Chalhoub is an individual who is a citizen of the United States and who resides at 121 Hartman Hill Road, Dingman Township, Pike County, Pennsylvania 18337.

4. That Colonel Robert Evanchick was the Commissioner of the Pennsylvania State Police, having offices at 1800 Elmerton Avenue, Harrisburg, Dauphin County, Pennsylvania 17110, and at the time of this incident referred to in this Complaint, was responsible for the training and supervision of all Pennsylvania State Troopers. He is being sued in his individual capacity.

5. That the Defendant Lukasz Olszar is a Pennsylvania State Trooper who, upon information and belief, at all times relevant hereto was stationed at the Blooming Grove State Police Barracks, Route 402, Blooming Grove Township, Pike County, Pennsylvania 18428. He is being sued in his individual capacity.

6. That the County of Pike controls and operates the Pike County Correctional Facility and is responsible for the orderly and legal operation of same, including ensuring that inmates are properly housed therein.

7. That the Defendant Craig A. Lowe, at the time of the incident alleged in the Complaint, was the Warden of the Pike County Correctional Facility, with offices located at the Pike County Correctional Facility, 175 Pike County Boulevard, Lords Valley, Blooming Grove

Township, Pike County, Pennsylvania 18428, who was responsible with overseeing the day to day operations of the Pike County Correctional Facility. He is being sued in his original capacity.

## FACTUAL ALLEGATIONS

8. That in August of 2020, I had open heart surgery, which included the ribs in my chest being wired together.

9. That after a period of time after the surgery, the Plaintiff's ribs started moving around in his chest causing constant pain, which resulted in an additional surgery on May 8, 2021.

10. That as a result of the second surgery, the Plaintiff had metal plates put in his chest and a drainage tube attached at the bottom of his chest to drain the blood.

11. That the drainage tube was to be removed on May 24, 2021 with a procedure to accomplish same being performed at Good Samaritan Hospital.

12. That on May 23, 2021, the Defendant Olszar prepared and filed a criminal complaint against the Plaintiff, alleging a violation of a Protection from Abuse Order filed to No. 799-2020, Court of Common Pleas of Pike County. A copy of the Complaint is labeled Exhibit "A" attached hereto.

13. That the Affidavit in the Complaint signed by the Defendant Olszar contained a false and inaccurate statement that the Protection From Abuse Order was in effect until June 12, 2022.

14. That the Complaint also inaccurately and falsely stated that the Protection From Abuse Order was issued on August 12, 2020.

15. That the Final Protection From Abuse Order was issued on August 26, 2020 and expired six (6) months later on February 26, 2021.

16. That on Sunday, May 23, 2021, the Plaintiff was at his residence located at 121 Hartman Hill Road, Milford, Dingman Township, Pike County, Pennsylvania 18337 with his children when the Defendant Lukasz Olszar came to his home and arrested him and placed him in custody for violating the non-existent Protection From Abuse Order.

17. That at the time the Defendant Olszar arrested the Plaintiff, there was no outstanding Protection From Abuse Order and the Plaintiff had not violated such an Order, a fact of which the Defendant Olszar knew, or should have known, since he quoted from the Order in the Criminal Complaint.

18. That at the time, the Plaintiff told the Defendant Olszar there was no outstanding Protection From Abuse Order. The Defendant Olszar told him he was lying and continued to take him into custody.

19. That at the time, the Plaintiff told the Defendant Olszar about his medical procedures; however, the Defendant Olszar continually disregarded these statements and concerns.

20. That the actions of the Defendant Olszar in placing the Plaintiff in handcuffs and taking him into custody, caused him great embarrassment and shame in front of his children, especially since there was no existing Protection From Abuse Order, same having expired on February 26, 2021.

21. That the Defendant Olszar, after arresting the Plaintiff, transported him to the Pennsylvania State Police Barracks at Blooming Grove, where there was a virtual appearance before Magisterial District Judge Deborah Fischer.

22. That at the time of the appearance before Judge Fischer, the Defendant Olszar falsely stated the facts surrounding the arrest of the Plaintiff and that he had violated an outstanding Protection From Abuse Order, which was simply not the case.

23. That at the appearance before Judge Fischer, the Plaintiff again protested that there was no outstanding Protection From Abuse Order, but to no avail, given the Defendant Olszar's false and inaccurate statements before the Judge.

24. That based upon the false information supplied to Judge Fischer, she set monetary bail in the amount of Forty Thousand ($40,000.00) Dollars.

25. That as the Plaintiff could not post bail in the amount of Forty Thousand ($40,000.00) Dollars, he was committed to the Pike County Correctional Facility, which commitment was based on the false pretense that he had violated an outstanding Protection From Abuse Order, when such was not the case.

26. That at the time of the commitment, the Plaintiff again protested that there was no Protection From Abuse Order. His protests, however, were rejected and he was incarcerated in the Pike County Correctional Facility by the guards at that facility, despite being innocent of the charges against him.

27. That before being transported to the Pike County Correctional Facility, the Plaintiff was taken to Wayne Memorial Hospital where he was paraded in handcuffs in front of employees and patients at the hospital.

28. That the Plaintiff was unlawfully detained at the Pike County Correctional Facility for a period from midday Sunday until Wednesday night.

29.     That on Wednesday May 26, 2021, an employee of the Correctional Facility, whose identity is unknown, told the Plaintiff, without giving an explanation, to gather up his belongings because he was leaving said facility.

30.     That the Plaintiff was then released and given transportation to the Port Jervis, New York train station where he was provided with funds to take the train to his son's home in New Jersey.

31.     That the Plaintiff believes and, therefore, avers that he was released from the Pike County Correctional Facility because the personnel in charge of that facility determined that there was no basis for the Plaintiff being incarcerated.

32.     That no preliminary hearing was ever held on the charges against the Plaintiff as a result of the criminal complaint prepared and filed by the Defendant Olszar.

33.     That after the Plaintiff's release from the Pike County Correctional Facility, there were no further proceedings against the Plaintiff for the violation of the non-existent Protection From Abuse Order.

34.     That as a result of the actions of the Defendants as hereinbefore alleged, the Plaintiff was unable to attend the previously scheduled medical procedure.

35.     That the following day after his release, the Plaintiff began suffering severe pain and went to the emergency room at Good Samaritan Hospital, where he was operated on for an internal infection brought about by reason of his failure to have the scheduled medical procedure which he was unable to attend because of the action of the Defendants as herein alleged.

36.     That on June 7, 2021, the Plaintiff was released from the hospital, but continued to undergo medical treatment as a result of the said infection, which treatment continues until today.

37. That the Plaintiff's medical condition has caused him pain, suffering and agony, which continues until today.

38. That at the time of his arrest, the Plaintiff was not in violation of any Protection From Abuse Order, nor had he committed any offense or offenses against the laws of the Commonwealth of Pennsylvania or the United States which justified the actions of the Defendants.

39. That the unlawful arrest and detention in this case was the direct result of the Defendants' pattern, practice and custom of subjecting citizens, such as the Plaintiff, to unlawful arrest and detention in the absence of probable cause.

40. That the Defendant Olszar acted willfully, deliberately, maliciously or with reckless disregard of Plaintiff's constitutional or statutory rights.

41. That the Defendants engaged in the aforesaid conduct for the purpose of violating the Plaintiff's constitutional rights by subjecting him to an unlawful arrest and detention.

42. That as a result of the action of the Defendants, the Plaintiff suffered a serious life-threatening infection which continues to occur.

43. That as a result of the Plaintiff's medical condition caused by the Defendants, the Plaintiff has undergone pain, suffering and mental anguish, and will continue to do so in the future.

44. That the Plaintiff has expended and will continue to expend monies in order to treat the medical condition brought about by the conduct of the Defendants.

III.

## COUNT I – FIRST CAUSE OF ACTION

**VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C., SECTIONS 1983 AND 1988 AND THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION
PLAINTIFF VS. ALL DEFENDANTS**

45. That the allegations contained in Paragraphs 1 through 44 of this Complaint are incorporated herein by reference, as if same were more fully set forth.

46. That at all times relevant hereto, the Defendants were acting under the color of state authority.

47. That at the time the Defendants knew or should have known that there was no outstanding Order of Protection From Abuse against the Plaintiff and that the Plaintiff had not violated any outstanding Protection From Abuse Order.

48. That the actions of the Defendants in this case violated the clearly established and well settled constitutional rights of the Plaintiff:

    a. freedom from unreasonable seizure of his person;

    b. unlawful detention without probable cause;

    c. freedom from unlawful arrest;

    d. freedom to be secure in his person and property; and

    e. due process of law.

49. That the actions of the Defendant Olszar as hereinbefore alleged in illegally arresting the Plaintiff without justification or cause and falsely imprisoning him are acts in violation of the Plaintiff's constitutional rights resulting in a severe medical condition, physical pain and emotional trauma.

50. That the Defendants Olszar, Pike County and the **Defendant Craig A. Lowe** violated the Plaintiff's rights by false imprisoning him and detaining him without probable cause, thereby depriving him of his liberty without justification or cause.

51. That the Defendants have by the above-described actions deprived the Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. Section 1983.

WHEREFORE, the Plaintiff, by his attorney, respectfully requests the following relief:

a. compensatory damages;

b. punitive damages;

c. reasonable attorney's fees and costs;

d. grant such other relief as is mete and just.

IV.

### COUNT II – SECOND CAUSE OF ACTION
### SUPPLEMENTAL STATE CLAIM

### FALSE IMPRISONMENT
### PLAINTIFF VS. TROOPER OLSZAR, PIKE COUNTY AND WARDEN CRAIG A. LOWE

52. That the allegations contained in Paragraphs 1 through 51 of this Complaint are incorporated herein by reference, as if same were more fully set forth.

53. That the actions of the Defendant Olszar in arresting the Plaintiff without probable cause for no justifiable reason and depriving him of his freedom for no cause or reason constitutes the false imprisonment of the Plaintiff.

54. That the continued incarceration of the Plaintiff in the Pike County Correctional Facility after his arrest, without cause or justification, deprived the Plaintiff of his freedom without cause or reason and constitutes the false imprisonment of the Plaintiff.

55. That by reason of the false imprisonment of the Plaintiff by the Defendants, he is entitled to an award of punitive damages.

56. That the actions of the Defendants in false imprisoning the Plaintiff were extreme, reckless, wanton and outrageous, thus entitling the Plaintiff to an award of punitive damages.

WHEREFORE, the Plaintiff, by his attorney, respectfully requests the following relief:

a. compensatory damages;

b. punitive damages;

c. reasonable attorney's fees and costs;

d. grant such other relief as is mete and just.

RESPECTFULLY SUBMITTED,

MARSHALL E. ANDERS, ESQUIRE
Attorney I.D. #17724
624 Sarah Street
Stroudsburg, PA 18360
(570) 424-1117
E-Mail: marshall@marshallanderslaw.com
Attorney for Plaintiff.

### CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Dated: April          , 2023

MARSHALL E. ANDERS, ESQUIRE

## VERIFICATION

I, **MICHEL CHALHOUB**, Plaintiff, in the within action, verify that the statements made in the attached **Complaint** are true and correct to the best of my knowledge, information or belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

_____
MICHEL CHALHOUB

Date: 4-6-23

From:  RECEIVED 05/23/2021 11:59AM
05/23/2  13:01   #025 P.002/007

| COMMONWEALTH OF PENNSYLVANIA | POLICE CRIMINAL COMPLAINT |
| COUNTY OF: PIKE | COMMONWEALTH OF PENNSYLVANIA vs. |

Magisterial District Number: 60-3-03
MDJ Hon. COOPER, ALAN B

Address: 502 LITTLE WALKER RD
SHOHOLA, PA 18458
Telephone: (570) 296-7726

DEFENDANT: (NAME and ADDRESS)

MICHEL          A           CHALHOUB
First Name      Middle Name  Last Name      Gen

121 HARTMAN HILL RD,
MILFORD, PA 18337

### NCIC Extradition Code Type
NCIC Extradition Code Type  C - MISDEMEANOR SURROUNDING STATES

### DEFENDANT IDENTIFICATION INFORMATION

| Docket Number | Date Filed | OTN/Live Scan Number | Complaint/Incident Number | Request Lab Services |
| MD-18-21 | 05/23/2021 | X395877-6 | R4018NF64C/PA 2021-688771 | NO |

| Gender | Date of Birth | POB | Add'l DOB | Co-Defendant? |
| M | 04/12/1966 | - LBN | | NO |

Defendant Also Known As | Defendant's First Name | Middle Name | Last Name | Suffix

Race: WHITE - W
Ethnicity: NOT OF HISPANIC ORIGIN - N
Hair Color: GRAY OR PARTIALLY GRAY - GRY
Eye Color: BROWN - BRO

DNA: NO
DNA Location:
Weight: 280 LBS
FBI Number: 781738EB8
MNU Number:
Height: 6' 00"

Defendant Fingerprinted: YES
Fingerprint Classification:

### DEFENDANT VEHICLE INFORMATION

| Plate # | State | HazMat | Registration Sticker (MM/YY) | Commercial Vehicle? | School Veh. | Oth. NCIC Veh. Code | Reg. same as Def. |
| VIN | | Year | Make | Model | Style | Color | NO |

Office of the Attorney of the Commonwealth   ☐ Approved   ☐ Disapproved because:

(The attorney for the Commonwealth may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing. Pa.R.Crim.P.507.)

Name of Attorney for Commonwealth - Please Print or Type   (Signature of Attorney for Commonwealth)   (Date)

I, TPR. LUKASZ OLSZAR       894420/12141
(Name of Affiant - Please Print or Type)   (PSP/MPOETC - Assigned Affiant ID Number & Badge #)

of PENNSYLVANIA STATE POLICE, TROOP R, BLOOMING GROVE       PAPSP5900
(Identify Department or Agency Represented and Political Subdivision)   (Police Agency ORI Number)

do hereby state: (check appropriate box)

1. ☑ I accuse the above named defendant who lives at the address set forth above
   ☐ I accuse the defendant whose name is unknown to me but who is described as
   ☐ I accuse the defendant whose name and popular designation or nickname is unknown to me and whom I have therefore designated as John Doe or Jane Doe.

with violating the penal laws of the Commonwealth of Pennsylvania at:  203
(Subdivision Code)   121 HARTMAN HILL ROAD, DINGMAN TWP
(Place-Political Subdivision)

in PIKE       County   52       on or about   05/23/2021 AT APPROX. 10:34 HRS
(County Code)   (Offense Date)

AOPC 412A - Rev. 07/18       Page 1 of 3

# EXHIBIT "A"

From:

RECEIVED 05/23/2021 11:59AM
05/23/2   13:02   #025 P.003/007



## POLICE CRIMINAL COMPLAINT

| Docket | Date Filed | OTN/Live Scan Number | Complaint/Incident Number |
|---|---|---|---|
| MO-18-21 | 05/23/2021 | X395877-6 | R4018NF64C/PA 2021-688771 |

| Defendant Name | First | Middle | Last |
|---|---|---|---|
| | MICHEL | A | CHALHOUB |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically

(Set forth a brief summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older 0 | | | |
|---|---|---|---|---|---|---|---|
| Lead? YES | Offense # 1 | Section 6113 | Subsection A | PA Statute (Title) 23 | Count 1 | Grade M3 | NCIC Offense Code | UCR/NIBRS DR61 |

| PennDOT DATA (If applicable) | Accident Number | | Interstate Indicator NO | Safety Zone NO | Work Zone NO |

Statute Description (include the name of statute or ordinance):
**ARREST FOR VIOLATION OF ORDER**

Acts of the accused associated with this Offense:

IN THAT, on or about said date, THE DEFENDANT did violate the provisions of a protection order as issued by this chapter or a foreign protection order. To Wit: DEFENDANT DID VIOLATE AN ACTIVE PROTECTION FROM ABUSE ORDER ISSUED IN PIKE COUNTY ON 08/12/2020, PFA NUMBER 798-2020 WHICH STATES THAT THE DEFENDANT SHALL NOT ABUSE, HARASS, STALK, THREATEN, OR ATTEMPT OR THREATEN TO USE PHYSICAL FORCE AGAINST ANY OF THE ABOVE PERSONS IN ANY PLACE WHERE THEY MIGHT BE FOUND. THE PROTECTED PERSONS IS GHADA CHALHOUB. DEFENDANT DID SLAP THE VICTIMS HEAD AND LEFT ARM AND THREW AN ASHTRAY WITH CIGARETTES AT HER CAUSING CIGARETTE BURNS TO THE BACK OF HER SHIRT.

2021 MAY 27 PM 1:51
ENTERED FOR RECORD
PIKE COUNTY, PA
PROTHONOTARY
CLERK OF COURTS

From:

RECEIVED 05/23/2021 11:59AM
06/23/20 13:02    #026 P.004/007



## POLICE CRIMINAL COMPLAINT

| Dock MJ-18-21 | Date Filed 05/23/2021 | OTN/Live Scan Number X395877-6 | Complaint/Incident Number R4018NF54C/PA 2021-588771 |
|---|---|---|---|
| Defendant Name | Defendant's First Name MICHEL | Middle Name A | Last Name CHALHOUB |

2. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made.

3. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S.§4904) relating to unsworn falsification to authorities.

4. This complaint consists of the preceding page(s) numbered 1 through 3

5. I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

The acts committed by the accused, as listed and hereafter, were against the peace and dignity of the Commonwealth of Pennsylvania and were contrary to the Act(s) of the Assembly, or in violation of the statute cited.

(Before a warrant of arrest can be issued, an affidavit of probable cause must be completed, sworn to before the issuing authority, and attached.)

05/23/21
(Date)

Tpr. _____ #1241
(Signature of Affiant)

AND NOW, on this date, May 23 2021 I certify that the complaint has been properly completed and verified.
An affidavit of probable cause must be completed before a warrant can be issued.

400301
(Magisterial District Court Number)

_____
(Issuing Authority)

2021 MAY 27 PM 1:51
ENTERED ON RECORD
PIKE COUNTY, PA
PROTHONOTARY
CLERK OF COURTS

From:    RECEIVED  05/23/2021  11:59AM
05/23/20 13:02    #025 P.005/007



# POLICE CRIMINAL COMPLAINT

| Docket Number MD-18-21 | Date Filed 05/23/2021 | OTN/Live Scan Number X395877-6 | Complaint/Incident Number R4018NF54C/PA 2021-588771 |
|---|---|---|---|
| Defendant Name | First MICHEL | Middle A | Last CHALHOUB |

## AFFIDAVIT of PROBABLE CAUSE

On May 23, 2021 at approx. 1034 hrs, your affiant, Trooper Lukasz K. OLSZAR, of the Pennsylvania State Police Blooming Grove Barracks was dispatched to 121 Hartman Hill Road located in Dingman Township, Pike County, for a report of a "Physical Domestic" at the residence. PSP Blooming Grove PCO WELSCH advised that there is an active Protection From Abuse Order out of Pike County against a Michel A. CHALHOUB, with the protected person listed as Ghada CHALHOUB.

I arrived on scene with Trooper BATON and made contact with the VICTIM, Ghada CHALHOUB, in the driveway of the residence. Ghada related that her husband, Michel CHALHOUB, was using her bank account to pay for items for himself when she confronted him. Ghada related that during the argument, Michel slapped the back of her head and slapped her left arm. Ghada related that Michel then threw a cigarette ashtray at her causing burn marks on the back of her shirt (photographed and burn marks present on shirt).

The PFA against Michel CHALHOUB specifically states that "DEFENDANT shall not abuse, harass, stalk, threaten, or attempt or threaten to use physical force against any of the above persons in any place where they might be found". The PFA's expiration date is listed as 08/12/2023. Court originating routing identifier PA052053J. Protection Order Number: 7992020.

Michel was taken into custody and transported back to PSP Blooming Grove to be fingerprinted/processed and arraigned.

I feel that there is sufficient probable cause for the charges set forth in this complaint as they were committed against the peace and dignity of the Commonwealth of Pennsylvania.

I, TPR. LUKASZ OLSZAR _____ BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

I CERTIFY THAT THIS FILING COMPLIES WITH THE PROVISIONS OF THE CASE RECORDS PUBLIC ACCESS POLICY OF THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA THAT REQUIRE FILING CONFIDENTIAL INFORMATION AND DOCUMENTS DIFFERENTLY THAN NON-CONFIDENTIAL INFORMATION AND DOCUMENTS.

_____
(Signature of Affiant)

Sworn to me and subscribed before me this _____ day of _____

_____ Date _____, Magisterial District Judge

My commission expires first Monday of January, _____

AOPC 411C - Rev. 07/18                                   Page 1 of 1