IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHEL CHALHOUB,<br>        **Plaintiff** | : | No. 3:23cv592 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| COMMONWEALTH OF<br>PENNSYLVANIA; COLONEL<br>ROBERT EVANCHICK,<br>Commissioner of the Pennsylvania<br>State Police; PENNSYLVANIA STATE<br>POLICE TROOPER LUKASZ OLSZAR;<br>COUNTY OF PIKE; and CRAIG A.<br>LOWE, Warden Pike County<br>Correctional Facility,<br>        **Defendants** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court are two (2) motions to dismiss Plaintiff Michel Chalhoub's amended complaint, one filed by Defendants Commonwealth of Pennsylvania and Colonel Robert Evanchick, Commissioner of the Pennsylvania State Police ("PSP Defendants") and one filed by Defendants ("Pike County") and Craig A. Lowe, Warden Pike County Correctional Facility ("Warden Lowe")(collectively "Prison Defendants"). Having been fully briefed, these motions to dismiss are ripe for decision.

## Background

On May 23, 2021, Pennsylvania State Police Trooper Lukasz Olszar ("Trooper Olszar") responded to plaintiff's residence in Dingman Township, Pike County, Pennsylvania for a report of a "physical domestic." (Doc. 40, Am. Compl. Prison Defs., Exh. A., Police Crim. Compl., Aff. of Prob. Cause, ECF p. 29).[1] Per Trooper Olszar's affidavit of probable cause, the police communications operator advised there was an active Protection from Abuse order ("PFA order") issued against plaintiff for the protection of another person at the residence. (Id.)

On scene, Trooper Olszar and another officer interviewed the purported victim of physical abuse. (Id.) She indicated that plaintiff slapped her and threw an ashtray at her, which caused burn marks on the back of her shirt. (Id.) Per Trooper Olszar's narrative, the PFA Order was issued for the protection of that person in 2020, and he indicated in his affidavit that the order expired on August 12, 2023. (Id. at ECF p. 27, 29). After the burn marks on the alleged victim's shirt were reportedly observed and photographed, Trooper Olszar placed plaintiff into

---

[1] Plaintiff has filed two fragmented amended complaints, one against the PSP Defendants, (Doc. 39), and one against Prison Defendants, (Doc. 40). These background facts are derived from those pleadings and the attached exhibits. In ruling upon the instant motions to dismiss, the court reads both amended complaints together as it did with the claims in plaintiff's initial complaint. At this stage of the proceedings, the court must accept all factual allegations in the amended complaints as true. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The court makes no determination, however, as to the ultimate veracity of these assertions.

custody and charged him with violating an active PFA order. (Id. at ECF p. 29). The Affidavit of Probable Cause includes a protection order number and the origination court routing identifier number. (Id.)

According to plaintiff's amended complaint, however, he claims that a final PFA order had been entered on August 26, 2020 and expired six (6) months later, on February 26, 2021. (Doc. 39, Am. Compl., PSP Defs. ¶ 15). Plaintiff alleges that he told Trooper Olszar that the PFA order was no longer in effect, but Trooper Olszar accused plaintiff of lying and then placed him into custody. (Id. ¶ 18).

According to the amended complaint, plaintiff appeared before Magisterial District Court Judge Deborah Fischer remotely from the Blooming Grove barracks. (Id. ¶ 21). He claims that facts surrounding the arrest were falsely stated to the state magistrate judge. (Id. ¶ 22). Also, he argued that a PFA order was not in effect. (Id. ¶ 23). Per plaintiff, his protests went unheard. (Id.) Judge Fischer set bail at $40,000. (Id. ¶ 24).

Plaintiff could not post bail. (Id. ¶ 25). As a result, he was committed to the Pike County Correctional Facility ("Pike CCF"). (Id. ¶ 21). Plaintiff spent three days at the facility. (Id. ¶ 27). On May 26, 2021, a Pike CCF employee told plaintiff to gather his belongings without further explanation. (Id. ¶ 28). Authorities released plaintiff and gave him transportation to a train station where

he was provided with funds to go to his son's home in New Jersey. (Id. ¶ 29). Plaintiff avers that he was released from Pike CCF "because the personnel in charge of that facility determined that there was no basis for [plaintiff] being incarcerated." (Doc. 40, Am. Compl., Prison Defs. ¶ 34).

Plaintiff also indicates that he had undergone open heart surgery in August 2020. (Id. ¶ 6). During that surgery, plaintiff's ribs were wired together. (Id.) He needed another surgery on May 8, 2021, from the constant pain in his ribs. (Id. ¶ 7). During the second surgery, plaintiff had metal plates placed in his chest and a drainage tube attached at the bottom of his chest. (Id. ¶ 8). Another procedure was scheduled to remove the tube the day after plaintiff's arrest, which could not occur due to his incarceration. (Id. ¶¶ 9, 36)

The day after plaintiff's release from Pike CCF, he suffered severe pain and went to an emergency room. (Id. ¶ 36). As a result, plaintiff received an operation related to an infection. (Id. ¶ 35, 42). He further contends that the infection occurred because he could not attend the scheduled medical procedure. (Id. ¶¶ 9, 35–36). He spent approximately ten (10) days in the hospital and still requires treatment relative to that infection. (Id. ¶ 37).

Based on the above allegations, plaintiff asserts one cause of action against the PSP Defendants pursuant to 42 U.S.C. § 1983 ("Section 1983") for alleged violation of his Fourth Amendment rights. This claim is premised on a

failure to train state troopers regarding investigation into alleged violations of PFA orders. (Doc. 39, Am. Compl., PSP Defs. ¶¶ 36–46, 50–55). Plaintiff also asserts two causes of action against the Prison Defendants: Amended Count I – a claim against Pike County pursuant to Section 1983 for alleged Fourth and Fourteenth Amendment violations; and Amended Count II – a state law claim for false imprisonment against Warden Lowe. (Doc. 39, Am. Compl., Prison Defs. ¶¶ 45-57).

Defendants responded to the amended complaint with the instant motions to dismiss for failure to state a claim. The parties have briefed their respective positions, which brings this case to its present posture.[2]

---

[2] In July 2024, the court granted the PSP Defendants' motion to dismiss/motion for summary judgment. Chalhoub v. Pa., No. 3:23CV592, 2024 WL 329648 (M.D. Pa. July 3, 2024). The court granted summary judgment in favor of Trooper Olszar on plaintiff's Section 1983 claim after determining that Trooper Olszar enjoyed qualified immunity from that claim. (Id.)

Plaintiff also previously asserted a false imprisonment claim against Trooper Olszar. He has not raised that claim in the amended complaint. Under the law, "the most recently filed amended complaint becomes the operative pleading[]" in a civil action. Garrett v. Wexford Health, 938 F.3d 69, 82 (3d Cir. 2019). Moreover, "an amended pleading supersedes the original pleading and renders the original pleading a nullity." Id. The filing of amended complaints thus effectively constitutes an abandonment of any prior complaints filed by a plaintiff. Kreis v. Northampton Cnty. Prison, 564 F. Supp. 3d 359, 361 (E.D. Pa. 2021)(citation omitted). Consequently, the court concludes that plaintiff has abandoned his state law false imprisonment claim against Trooper Olszar.

Furthermore, the court previously granted in part and denied in part the Prison Defendants' motion to dismiss. Plaintiff's Section 1983 claim against Warden Lowe was dismissed with prejudice for failure to allege personal involvement in the alleged constitutional violations. Chalhoub v. Pa., No. 3:23CV592, 2024 WL 3295597, at *4 (M.D. Pa. July 3, 2024). Moreover, the court determined that amendment of the Section 1983 claim against Warden Lowe would be futile based on his assertion of qualified immunity. Id. at *6–*7. In their initial motion to dismiss, Prison Defendants did not move to dismiss the state law false imprisonment claim

**Jurisdiction**

Because this case is brought pursuant to Section 1983, the court has jurisdiction under 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over plaintiff's state-law false imprisonment claim against Warden Lowe pursuant to 28 U.S.C. § 1367(a). ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

**Legal Standard**

Defendants filed the instant motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.

---

brought against Pike County in Count II of plaintiff's original complaint. Plaintiff, however, did not assert that claim against Pike County in his amended complaint. Consequently, the court concludes that plaintiff has also abandoned his state law false imprisonment cause of action against Pike County.

To survive a motion to dismiss, "a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Doe v. Princeton Univ., 30 F.4th 335, 341–42 (3d Cir. 2022)(quoting FED. R. CIV. P. 8(a)(2)). That means, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when factual content is pled that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

On a motion to dismiss for failure to state a claim, district courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. See Phillips, 515 F.3d at 233 (citations omitted).

**Analysis**

   **1. PSP Defendants' Motion to Dismiss**

Plaintiff asserts a Section 1983 claim against the PSP Defendants for violations of his Fourth Amendment rights. Colonel Evanchick is sued in his

official capacity as state police commissioner. (Doc. 39 at ¶ 4). Because plaintiff's claims are asserted against the Commonwealth of Pennsylvania and a state employee sued in his official capacity, the PSP Defendants argue that plaintiff's claims are barred by sovereign immunity. The court agrees.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. CONST. amend. XI. Eleventh Amendment protections also extend to state agencies and officials of those agencies in their official capacities. See Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 185 (3d Cir. 2009); Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990). The Pennsylvania State Police and its employees, to the extent that they are sued in their official capacity, enjoy Eleventh Amendment protections. See Atkin v. Johnson, 432 F. App'x 47, 48 (3d Cir. 2011) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)).

This immunity is not absolute. Three exceptions to sovereign immunity exist: (1) abrogation by an act of Congress; (2) waiver by state consent to suit; and (3) suits against individual state officials for prospective relief to remedy an ongoing violation. M.A. ex rel. E.S. v. State–Operated Sch. Dist., 344 F.3d 335,

344–45 (3d Cir. 2003) (citing MCI Telecomm Corp. v. Bell Atl. Pa., 271 F.3d 491, 503 (3d Cir. 2001)).

After review, plaintiffs' Section 1983 claims do not fit within these exceptions. Congress has not abrogated states' sovereign immunity by enacting Section 1983 and neither states nor employees acting in their official capacities are recognized as "persons" under that statute. See Will 491 U.S. at 66, 71. The Commonwealth of Pennsylvania has also expressly invoked its sovereign immunity under the Eleventh Amendment by statute. 42 PA. CONS. STAT. § 8521(b). Additionally, plaintiff's amended complaint cannot be construed to seek prospective relief to remedy ongoing violations by the individual defendants since plaintiff seeks money damages for past alleged wrongs. (Doc. 39, Am. Compl., PSP Defs., *ad damnum* clause). As such, the court finds that the Commonwealth of Pennsylvania and Colonel Evanchick are entitled to sovereign immunity protection under the Eleventh Amendment and the amended complaint will be dismissed as to the PSP Defendants without leave to amend.[3]

---

[3] Before dismissing a complaint for failure to state a claim upon which relief may be granted, a court must grant the plaintiff leave to amend, unless amendment would be inequitable or futile. See Phillips, 515 F.3d at 245 (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002)). Having determined that the Commonwealth of Pennsylvania and Colonel Evanchick are immune based on the Eleventh Amendment, leave to amend would be futile. The court need not reach the other two arguments raised by the PSP Defendants in support of Colonel Evanchick's dismissal.

## 2. Prison Defendants' Motion to Dismiss

Turning next to plaintiff's claims against the Prison Defendants, the amended complaint contains the following factual allegations specific to Pike County and Warden Lowe:

- Pike County controls and operates Pike CCF "and is responsible for the orderly and legal operation of same, including ensuring that inmates are properly housed therein." (Doc. 40, Am. Compl., Prison Defs. ¶ 4).

- Warden Lowe "was responsible for overseeing the day-to-day operations" of Pike CCF, including the training and supervision of its prison guards. (Id. ¶ 5).

- At the time of plaintiff's commitment to Pike CCF, plaintiff protested that he had not violated an outstanding PFA order and that no such order existed. (Id. ¶ 22).

- Plaintiff's protestations were rejected by Warden Lowe, "who commanded the prison staff that the [p]laintiff should remain incarcerated, notwithstanding whether he violated an outstanding [PFA order] or not." (Id. ¶ 24).

- The incarceration of the plaintiff was not based on a mistake; rather, it was the result of a decision by Warden Lowe, "who did not care if there was a legal basis for such incarceration[.]" (Id. ¶¶ 27, 29).

- Plaintiff was unlawfully detained at Pike CCF for three days. (Id. ¶ 29).

- On the third day, an unknown Pike CCF employee told plaintiff to gather up his belongings to leave the facility. (Id. ¶ 29).

- Plaintiff believes he was released from Pike CCF because "the personnel in charge of that facility determined there was no basis for the [plaintiff] being incarcerated" and that plaintiff "had been intentionally incarcerated in violation of his rights[.]" (Id. ¶ 34).

Plaintiff claims the above facts support a theory that Pike County violated his Fourth Amendment rights.[4] (Id. ¶¶ 45-51). Plaintiff also uses these facts to support his state law false imprisonment claim against Warden Lowe. (Id. ¶¶ 52–55). Prison Defendants argue that the amended complaint again fails to state plausible claims.

### a. Plaintiff's Section 1983 Claim Against Pike County

Plaintiff asserts that Pike County violated his Fourth Amendment rights and thus he proceeds with a Section 1983 claim for false imprisonment and unlawful detention. His theory of liability is premised upon the conduct of Warden Lowe and prison staff. A local government, however, may not be sued under Section 1983 for an injury inflicted solely by its employees or agents. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). Rather, liability extends when injuries are inflicted by "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy[.]" Id. "[A] municipality cannot be held

---

[4] Plaintiff's amended complaint asserts that Pike County also violated plaintiff's Fourteenth Amendment rights. The Prison Defendants moved to dismiss any Fourteenth Amendment claims asserted against Pike County in the amended complaint. (Doc. 47, Defs. Br. in Supp. at ECF p. 9-10). In response, plaintiff indicated that "inclusion of the Fourteenth Amendment in the claim against Pike County should simply be disregarded[.]" (Doc. 48, Pl. Br. in Opp. at 1, n. 1). Accordingly, plaintiff's Section 1983 claim relative to alleged Fourteenth Amendment violations will be dismissed without additional discussion.

liable under § 1983 on a *respondeat superior* theory." Id. at 691. Furthermore, "proof of the mere existence of an unlawful policy or custom is not enough to maintain a § 1983 action." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). A plaintiff must also demonstrate that the municipal practice was the proximate cause of the injuries suffered, which requires "a 'plausible nexus' or 'affirmative link' between the municipality's custom and the specific deprivation of constitutional rights at issue." See id. (citations omitted).

    The court previously reviewed the principles of Pennsylvania law and criminal procedure involved in plaintiff's arrest and detention while discussing the serious deficiencies with plaintiff's Section 1983 claims against the Prison Defendants as originally alleged. Chalhoub, 2024 WL 3295597, *4–*7. Plaintiff responded with substantially similar allegations in his amended pleading. His new allegations only indicate that Warden Lowe was directly involved in the circumstances relative to plaintiff's incarceration at Pike CCF. (Id. ¶¶ 24, 27, 29). Additionally, plaintiff also now alleges that Warden Lowe possessed final policymaking authority at Pike CCF to decide whether plaintiff should remain incarcerated. (Id. ¶¶ 26–27).

    Nevertheless, the causation issues present in the original complaint remain. In an attempt to circumvent the issue, plaintiff asserts in his amended complaint that Magisterial District Court Judge Fischer "did not determine that

there was probable cause to arrest the [p]laintiff." (Doc. 39, Am. Compl., PSP Defs. ¶ 14). At the same time, however, plaintiff has attached the police criminal complaint that indicates that Magisterial District Court Judge Fischer issued an arrest warrant.[5] (Doc. 40, Am. Compl. Prison Defs., Exh. A., Police Crim. Compl., ECF p. 28). This means the state magistrate judge determined that there was probable cause for plaintiff's arrest. See PA. R. CRIM. P. 513(B)(2) ("No arrest warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority in person or using advanced communication technology. The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits."). Furthermore, per plaintiff's own allegations, Magisterial District Court Judge Fischer also determined that plaintiff should be committed to Pike CCF when he could not post the bail in the amount that she set. Although he has pled that no such PFA order was in effect and that Trooper Olszar lied about the order, plaintiff still has not cited any legal principle requiring wardens of county prisons to second-guess or override determinations made by judges as to whether a

---

[5] Even where an arrest warrant is not issued in the scenario plaintiff describes, a finding of probable cause must be made by a state magistrate judge. The Pennsylvania Rules of Criminal Procedure provide, in relevant part, that: "If the defendant was arrested without a warrant…unless the issuing authority makes a determination of probable cause, the defendant shall not be detained." PA. R. CRIM. P. 540(E).

13

person should be committed to prison in lieu of bail. For the second time, his Section 1983 claim against Pike County falls short.

And even with amendment regarding the knowledge and authority of Warden Lowe and other Pike CCF staff, plaintiff's claim against Pike County is still self-defeating. Plaintiff has pled that he was released because "personnel in charge of [Pike CCF] determined there was no basis for the plaintiff being incarcerated; rather, that he had been intentionally incarcerated in violation of his rights, which should have been clear at the time of [p]laintiff's incarceration." (Doc. 40, Am. Compl., Prison Defs. ¶ 34). But he has still offered no other facts about why it would be clear to the Prison Defendants at the time of his incarceration other than his word versus the determinations of Judge Fischer at the time of plaintiff's preliminary arraignment. Even when reading the allegations in the amended complaint in a light most favorable to plaintiff, he stopped being detained by Pike County when government officials determined there was a lack of probable cause for the PFA contempt charges.

He has thus failed to state a plausible Section 1983 claim against Pike County. Rather, he has alleged a scenario where Pike County either did not cause the injuries he suffered or is immune from claims because its prison took custody of plaintiff based on a state magistrate judge's order. See Hamilton v. Leavy, 322 F.3d 776, 783 (3d Cir. 2003)("action taken pursuant to a facially valid

14

court order receives absolute immunity from § 1983 lawsuits for damages"); Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969)("there exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune from suit."); see also LeBeau v. Montgomery, No. CV 17-38, 2017 WL 5885673, at *6 (E.D. Pa. Nov. 28, 2017)(dismissing Section 1983 claims "because [the prison] had no duty to investigate prisoner complaints of illegal detention without an existing court order mandating the prisoner's release"); Evans v. Cmty. Educ. Centers, Inc., No. CV 13-1642, 2015 WL 5334237, at *2 & n. 9 (E.D. Pa. Sept. 11, 2015)(citing Lutz v. Lavelle, 809 F.Supp. 323, 327 (M.D. Pa. 1991)("only a court has authority to release individuals from prison"). Consequently, Pike County's motion to dismiss plaintiff's Section 1983 claim will be granted without further leave to amend.[6]

### b. Plaintiff's False Imprisonment Claim Against Warden Lowe

Count II of the amended complaint against the Prison Defendants alleges that Warden Lowe is liable for false imprisonment. Under Pennsylvania law,

---

[6] Before dismissing a complaint for failure to state a claim upon which relief may be granted, a court must grant the plaintiff leave to amend, unless amendment would be inequitable or futile. See Phillips, 515 F.3d at 245 (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002)). The court gave plaintiff a second opportunity to plead a Section 1983 claim against Pike County after alerting him to deficiencies with his initial complaint. If sufficient facts were available for plaintiff to state a plausible Section 1983 claim around the fact that he was committed to Pike CCF by a state magistrate judge, those facts would have been included by now. Consequently, it would be futile to grant plaintiff leave to file a third complaint.

15

"[t]he elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention." Renk v. City of Pittsburgh, 641 A.2d 289, 293 (1994).

Previously, the court granted plaintiff leave to amend his false imprisonment claim against Warden Lowe. Under the circumstances originally alleged, it was not out of the realm of possibility that plaintiff might have some more details to aver concerning the three days he spent at Pike CCF when he was in contact with prison staff. The court could not rule out whether such facts could support a plausible false imprisonment claim as authorities came to realize that no active PFA order justified the contempt charges.

No new relevant facts appear in the amended complaint, however. Plaintiff still alleges that "personnel in charge," i.e., Warden Lowe, released him when it was determined that there was no basis for his incarceration. (Doc. 40, Am. Compl., Prison Defs. ¶ 34). Thus, the analysis above regarding plaintiff's Section 1983 claim against Pike County applies to his state law false imprisonment claim against Warden Lowe. At best, plaintiff only alleges that he was committed to Pike CCF based on a court order by a state magistrate judge after a finding of probable cause for the PFA contempt charge and he was released when it was determined that probable cause was lacking. Accordingly, the Prison

Defendants' motion to dismiss the false imprisonment claim against Warden Lowe will be granted without leave to amend.[7]

**Conclusion**

For the reasons set forth above, the Prison Defendants' motion to dismiss (Doc. 41) and PSP Defendants' motion to dismiss (Doc. 42) will be granted without further leave to amend. The Clerk of Court will be directed to close this case. An appropriate order follows.

Date: 12/20/24

JUDGE JULIA K. MUNLEY
United States District Court

---

[7] For similar reasons as stated in Footnote 6, amendment of plaintiff's false imprisonment claim would be futile. The court need not reach defendants' other argument that Warden Lowe is immune from suit pursuant to Pennsylvania's Political Subdivision Tort Claims Act, 42 PA. CONS. STAT. §§ 8541-8542. Additionally, plaintiff did not pursue a false imprisonment claim against Pike County in his amended complaint as originally asserted. If he did, that cause of action would also be dismissed on similar grounds.